### J. F. POWELL *v.* ELIZABETH BURKE'S HEIRS.

[Abstract Kentucky Law Reporter, Vol. 7—220.]

**Agreement to Make Advancement.**

> A father is under no obligations to make advancements to his son, and even his agreement to do so is not enforcible; and where a father of an insolvent son conveys land to his son's wife, such land is not subject to the son's creditors, for the son has no interest in it.

### APPEAL FROM LAWRENCE CIRCUIT COURT.

September 17, 1885.

OPINION BY JUDGE HOLT:

The material allegations of the petition, as amended, are that the land, which the appellants are seeking to subject to the payment of the judgment debts they hold on the appellee, J. H. Burke, was in fact an advancement to him by his father, Evan Burke; that the son, in consideration thereof, and being then insolvent, agreed to claim no further portion of his father's estate, and that all this being known to the son's wife, Millie Burke, by agreement between the three, and to defraud and defeat the creditors of the husband, the land was conveyed by the father to the daughter-in-law without any consideration passing from her and that she held it in trust for the husband.

The demurrer admitted the statements of the petition, and the question is presented, whether they are sufficient to authorize the cancellation of the deed to the daughter-in-law, in which the recited consideration is love and affection for her. It is not alleged that the son paid or agreed to pay any valuable consideration for the land; or that any writing was ever executed as to it, save the deed to Mrs. Burke.

The son had no legal or equitable interest in the father's property and if the latter knowing his son was in debt saw proper to convey the land to his wife to keep it from the husband's creditors, he had a perfect right to do so; and she had a right to accept it because her husband had no interest in it. If he had agreed to claim no further interest in the father's estate at the latter's death, and the

latter had agreed to advance the land to him, yet this contract was not enforceable and the son was not invested with any right to the land thereby.

Judgment *affirmed*.

*Jas. E. Stewart, for appellant.*

*L. T. Moore, for appellee.*

